| CWCapital Invs. LLC v CWCaptial Colbalt VR Ltd. |
|:---:|
| 2024 NY Slip Op 34511(U) |
| December 21, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 652092/2018 |
| Judge: Andrea Masley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

-----------------------------------------------------------------------------------X

CWCAPITAL INVESTMENTS LLC and GALAXY
ACQUISITION LLC,

                                   Plaintiffs,

                         - v -

CWCAPITAL COLBALT VR LTD., OCH-ZIFF CAPITAL
MANAGEMENT GROUP LLC, OZ MANAGEMENT L.P.,
OZ MASTER FUND, LTD., OZ ENHANCED MASTER
FUND, LTD., OZ CREDIT OPPORTUNITIES MASTER
FUND, LTD., OZ GC OPPORTUNITIES MASTER FUND,
LTD., OZSC, L.P., CARBOLIC, LLC, OCH-ZIFF HOLDING
CORPORATION, and MERRILL LYNCH, PIERCE,
FENNER & SMITH INCORPORATED,

                                Defendants.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 652092/2018 |
| MOTION DATE | -- |
| MOTION SEQ. NO. | 027 |

**DECISION + ORDER ON
MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 027) 884, 885, 886, 887, 888, 889, 890, 891, 897, 898

were read on this motion to/for                             SEAL                                .

        In motion sequence number 027, nonparty Sculptor Capital Management, Inc.

(Sculptor) moves pursuant to the Uniform Rules of the New York State Trial Courts (22

NYCRR) § 216.1 to seal and/or redact the following documents:

      1.  Email to Tuten re: Stuytown (NYCSEF Doc. No. [NYSCEF] 804 and 888)[1]

      2.  Och-Ziff email thread re: Barclays CMBS Strategy (NYSCEF 805 and 888)[2]

      3.  Morgan Stanley email to M. Ago (NYSCEF 806 and 888)[3]

      4.  Och-Ziff internal email re: Wells Fargo (NYSCEF 807 and 888)[4]

---

[1] A publicly redacted copy is filed at NYSCEF 889.
[2] A publicly redacted copy is filed at NYSCEF 889.
[3] A publicly redacted copy is filed at NYSCEF 889.
[4] A publicly redacted copy is filed at NYSCEF 889.

**652092/2018  CWCAPITAL INVESTMENTS LLC vs. CWCAPITAL COLBALT VR LTD.**            **Page 1 of 7**
**Motion No.  027**

[* 1]

5. Bloomberg email to Och-Ziff re: CMBS comments (NYSCEF 809 and 888)[5]

6. Bloomberg email to Och-Ziff re: Stuyvesant (NYSCEF 810 and 888)[6]

7. Bloomberg email to Och-Ziff re: CMBS loans (NYSCEF 811 and 888)[7]

8. Bloomberg email to Tuten re: Stuyvesant (NYSCEF 812 and 888)[8]

9. Bloomberg email to Tuten re: CMBS sale (NYSCEF 814 and 888)[9]

10. Bloomberg email to Tuten re: CMBS settlement (NYSCEF 815 and 888)[10]

11. Bloomberg email to Tuten re: CMBS deal (NYSCEF 816 and 888)[11]

12. Bloomberg email to Tuten re: CMBS resolution (NYSCEF 817 and 888)[12]

13. Bloomberg email to Tuten re: CMBS BofAML (NYSCEF 818 and 888)[13]

14. Bloomberg email to Tuten re: Stuytown complexity (NYSCEF 820 and 888)[14]

15. Bloomberg email to Tuten re: CMBS recovery (NYSCEF 821 and 888)[15]

16. Bloomberg email to Tuten re: CMBS backing Stuytown (NYSCEF 822 and 888)[16]

17. Barclays Email to Tuten re: CMBS (NYSCEF 823 and 888)[17]

18. Och-Ziff email re: Stuytown update (NYSCEF 824 and 888)[18]

---

[5] A publicly redacted copy is filed at NYSCEF 889.
[6] A publicly redacted copy is filed at NYSCEF 889.
[7] A publicly redacted copy is filed at NYSCEF 889.
[8] A publicly redacted copy is filed at NYSCEF 889.
[9] A publicly redacted copy is filed at NYSCEF 889.
[10] A publicly redacted copy is filed at NYSCEF 889.
[11] A publicly redacted copy is filed at NYSCEF 889.
[12] A publicly redacted copy is filed at NYSCEF 889.
[13] A publicly redacted copy is filed at NYSCEF 889.
[14] A publicly redacted copy is filed at NYSCEF 889.
[15] A publicly redacted copy is filed at NYSCEF 889.
[16] A publicly redacted copy is filed at NYSCEF 889.
[17] A publicly redacted copy is filed at NYSCEF 889.
[18] A publicly redacted copy is filed at NYSCEF 889.

652092/2018 CWCAPITAL INVESTMENTS LLC vs. CWCAPITAL COLBALT VR LTD. Page 2 of 7
Motion No. 027

2 of 7

19. Och-Ziff email re: Stuytown case filing (NYSCEF 825 and 888)[19]

20. Och-Ziff email re: Stuytown's new complaint (NYSCEF 829 and 888)[20]

21. Och-Ziff presentation re: purchase option case (NYSCEF 538)

22. OZ A2 note litigation investment memo overview (NYSCEF 569)

23. OZ A2 note litigation investment memo (NYSCEF 570)

24. Indemnification agreement dated November 28, 2017 (NYSCEF 591)

25. OZ email attaching A2 note notices of transfer (NYSCEF 681)

26. Stipulation extending time to respond (NYSCEF 666)

27. Co-lender agreement (NYSCEF 708)

28. Email from Krasnoff to Wallace, Chen, and Tuten re cobalt (NYSCEF 748)

29. Och-Ziff internal email re: Wells Fargo analysis of Stuytown (NYSCEF 808)

30. Bloomberg chat messages with Tuten dated 9/22/2015 (NYSCEF 813)

31. Bloomberg chat messages with Tuten dated 10/22/2015 (NYSCEF 819)

32. Emails between Pickhardt and Wallace dated 8/2/2016 (NYSCEF 826)

33. Och-Ziff internal emails re: WBCMT (NYSCEF 828)

34. Bloomberg chat messages with Krasnoff (NYSCEF 830)

35. Emails between Pickhardt and Wallace dated 8/1/2016 (NYSCEF 832)

36. Emails between Pickhardt and Wallace dated 8/1/2016 (NYSCEF 833)

37. Email between Och-Ziff and Quinn Emanuel vol.1 (NYSCEF 834)

38. Email between Och-Ziff and Quinn Emanuel vol.2 (NYSCEF 835)

39. Email between Och-Ziff and Quinn Emanuel vol.3 (NYSCEF 836)

---

[19] A publicly redacted copy is filed at NYSCEF 889.
[20] A publicly redacted copy is filed at NYSCEF 889.

**652092/2018   CWCAPITAL INVESTMENTS LLC vs. CWCAPITAL COLBALT VR LTD.**                    Page 3 of 7
**Motion No.  027**

40. Email between Och-Ziff and Quinn Emanuel vol.4 (NYSCEF 837)

41. Email between Och-Ziff and Quinn Emanuel vol.5 (NYSCEF 838)

42. Email between Och-Ziff and Quinn Emanuel vol.6 (NYSCEF 839)

43. Email between Och-Ziff and Quinn Emanuel vol.7 (NYSCEF 840)

44. Email between Och-Ziff and Quinn Emanuel vol.8 (NYSCEF 841)

45. Email between Och-Ziff and Quinn Emanuel vol.9 (NYSCEF 842)

46. Email between Och-Ziff and Quinn Emanuel vol.10 (NYSCEF 843)

47. Email between Och-Ziff and Quinn Emanuel vol.11 (NYSCEF 844)

48. Email between Och-Ziff and Quinn Emanuel vol.12 (NYSCEF 845)

49. Email between Och-Ziff and Quinn Emanuel vol.13 (NYSCEF 846)

50. Email between Och-Ziff and Quinn Emanuel vol.13 (NYSCEF 847)

51. Akhil Mago's deposition transcript (NYSCEF 743)

The motion is unopposed.

Section 216.1(a) of the Uniform Rules for Trial Courts empowers courts to seal documents upon a written finding of good cause. It provides:

"(a) [e]xcept where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as the parties. Where it appears necessary or desirable, the court may prescribe appropriate notice and an opportunity to be heard."

"Under New York law, there is a broad presumption that the public is entitled to access to judicial proceedings and court records." (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010] [citations omitted].) The "party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access" to

652092/2018   CWCAPITAL INVESTMENTS LLC vs. CWCAPITAL COLBALT VR LTD.          Page 4 of 7
Motion No.  027

4 of 7

[* 4]

the documents. (*Id.* at 349 [citations omitted].) Good cause must "rest on a sound basis or legitimate need to take judicial action." (*Danco Lab, Ltd. v Chemical Works of Gedeon Richter*, Ltd., 274 AD2d 1, 8 [1st Dept 2000] [internal quotations omitted].)

*Non-party financial information*

Sculptor has demonstrated good cause to seal NYSCEF 538, 569, 570, 681, 708, 748, and 591 which contain nonparty financial information. Courts have recognized a compelling interest in sealing a third-party's financial or private information as disclosure could imping upon the privacy rights of these nonparties. (*See Mancheski v Gabelli Group Capital Partners*, 39 AD3d 499, 502 [2d Dept 2007]; *Natixis Real Estate Capital Tr. 2007-HE2 v Natixis Real Estate Capital, Inc.*, 77 Misc 3d 1224 [A] [Sup Ct, NY County 2023].) Here, disclosure of Sculptor's financial information would impair its privacy rights. Accordingly, these documents shall be sealed.

*Nonparty commercial and strategic business information*

Sculptor has demonstrated good cause to seal/redact NYSCEF 805, 807, 808, 813, 819, 824, 825, 826, 828, 429, 830, 832, 833, 834, 835, 836, 837, 838, 839, 840, 841, 842, 843, 844, 845, 846, 847, 743, and 888 which contain nonparty commercial and strategic business information. Courts have sealed records where the disclosure of documents "could threaten a business's competitive advantage." (*Mosallem*, 76 AD3d at 350-351 [citations omitted].) Here, disclosure of Sculptor's strategic business analyses would threaten its competitive advantage. Accordingly, these documents shall be sealed/redacted.

**652092/2018   CWCAPITAL INVESTMENTS LLC vs. CWCAPITAL COLBALT VR LTD.**
**Motion No.  027**

**Page 5 of 7**

5 of 7

*Nonparty personal contact information*

Sculptor has demonstrated good cause to redact NYSCEF 809, 810, 811, 812, 814, 815, 816, 817, 818, 820, 821, 822, 823, and 888 which contain nonparty names, emails, and personal contact information.  (*See Natixis Real Estate Capital Trust 2007-HE2,* 2023 NY Slip Op 50027[U] at *2 ["documents containing personal identifying information of nonparty borrowers should be sealed"].)  Accordingly, these documents shall be sealed.

*Other Documents*

Sculptor has not demonstrated good cause to redact NYSCEF 804, 806, and 829 because Sculptor does not explain in its memorandum of law or appendix why these documents should be redacted.  (*See* NYSCEF 886, Sculptor's Appendix on documents to seal/redact; NYSCEF 885, MOL in support of motion to seal.)  The "party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access" to the documents.  (*Mosallem*, 76 AD3d at 349 [citations omitted].)  Accordingly, these documents shall be unsealed.

Accordingly, it is

ORDERED that motion sequence 027 is granted, in part, and the County Clerk, upon service of this order, shall seal NYSCEF 538; 569; 570; 681; 708; 748; 591; 805; 807; 808; 813; 819; 824; 825; 826; 828; 429; 830; 832; 833; 834; 835; 836; 837; 838; 839; 840; 841; 842; 843; 844; 845; 846; 847; 743; 809; 810; 811; 812; 814; 815; 816; 817; 818; 820; 821; 822; 823 and 888; and it is further

ORDERED that movant serve a copy of this order upon the Clerk of the Court and the Clerk of the General Clerk's Office in accordance with the procedures set forth

**652092/2018   CWCAPITAL INVESTMENTS LLC vs. CWCAPITAL COLBALT VR LTD.**
**Motion No.  027**

Page 6 of 7

6 of 7

[* 6]

in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh); and it is further

ORDERED that any party or nonparty is permitted to move, by Order to Show Cause, demonstrating why good cause exists to seal NYSCEF 804, 806, and 829 within 10 days of this order, if so advised. If no party moves to seal within the stipulated period, the County Clerk will be directed to unseal those documents; and it is further

ORDERED the County Clerk shall restrict access to the sealed documents with access to be granted only to authorized court personnel and designees, the parties and counsel of record in this action, and any representative of a party or of counsel of record upon presentation to the County Clerk of written authorization from counsel; and it is further

ORDERED that if any party seeks to redact identical information in future filings that the court is permitting to be redacted here, that party shall submit a proposed sealing order to the court (via SFC-Part48@nycourts.gov and NYSCEF) instead of filing another seal motion; and it is further

ORDERED that this order does not authorize sealing or redacting for purposes of trial or other court proceedings on the record, e.g., arguments on motions.

202412121174307AMASLEY86D03266022C4709AE5A2BEEECF97E74

| 12/21/2024 | | ANDREA MASLEY, J.S.C. |
|---|---|---|
| DATE | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

652092/2018  CWCAPITAL INVESTMENTS LLC vs. CWCAPITAL COLBALT VR LTD.          Page 7 of 7
Motion No.  027